ACCEPTED
4-15-00499-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/16/2015 12:00:00 AM
KEITH HOTTLE
CLERK

COURT OF APPEAL NO. 04-15-00499-CV

IN THE COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/15/2015 7:58:36 PM
KEITH E. HOTTLE
Clerk

FOR THE FOURTH SUPREME JUDICIAL DISTRICT

SAN ANTONIO, TEXAS

ROBERT GOMEZ,
APPELLANT

V.

PHILIP BERNAL, INDEPENDENT EXECUTOR OF THE ESTATE OF LOUIS A.
BERNAL, APPELLEE

RESTRICTED APPEAL FROM

2015-PC-0983

| | |
|---|---|
| IN THE ESTATE OF | ) IN PROBATE COURT |
| | ) |
| LOUIS S. BERNAL | ) NUMBER 1 |
| | ) |
| DECEASED | ) BEXAR COUNTY, TEXAS |

APPELLANT'S BRIEF

Appellant waives oral argument.

TO THE HONORABLE FOURTH COURT OF APPEALS;

COMES NOW the Appellant, Robert Gomez, who files this his Brief in Support of his Restricted Appeal.

Respectfully submitted,

Reed Greene, MPA, JD
26254 IH 10 West, Suite 135
Boerne, Texas 78006
Tel: (210) 826-1233
Fax: (210) 463-9241

By: /S/_____
Reed Greene
State Bar No. 08390970
Attorney for Appellant

Jerry H. Kagan
Texas Bar No. 24008963
1600 Culebra Ave.
San Antonio, Texas 78201
Tel. (210) 737-0333
Fax. (210) 738-0088
Attorney for Appellant

**Certificate of Service**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on November 15, 2015.

/s/_____
Reed Greene
Attorney for Appellant

# Index of Authorities

Constitutions

14th amendment to the U.S. Constitution ……………………………………… 13

Amendment 19 to the Texas Constitution …………………………………….. 13

Statutes and Rules

Tex. Civ. Prac. & Rem. Code § 51.013……………………………………….4, 6

Texas Estates Code,
§22.018………………………………………………………………………6

Texas Estates Code,
§22.034………………………………………………………………………7, 8

Texas Estates Code, § 101.001, 101.003, 101.051……………………………… 11

Texas Estates Code, § 254.001(b)………………………………………… 8

Texas Estates Code, § 254.001…………………………………………… 8

Texas Estates Code, § 254.002…………………………………………… 9

Texas Rule of Appellate Procedure 25 …………………………………………… 9

Tex. R. App. Pro. 26.1 …………………………………………………………..4

Tex. R. App. Pro. 45 ……………………………………………………………..4

Cases

Eckhardt v. Qualitest et al, 751 F3d 674 (5th Cir.) …………………………………12

Alexander v. Lynda's Boutique, 134 S.W.3d 845 (Tex. 2004) ……………………… 4

Burrow v. Arce, 997 S.W.2d 229 (Tex.1999) ………………………………….. 10

Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203 (Tex. 1999)…………….13

Huie v. DeShazo, 922 S.W.2d 920 (Tex.1996). …………………………………… 11

Best v. Ryan Auto Group, Inc., 786 S.W.2d 670 (Tex.1990) ...............................6

Garcia v. Insurance Co. of Pa., 751 S.W.2d 857, 858 (Tex.1988). ........................6

King v. Bauer, 688 S.W.2d 845 (Tex.1985) ..................................................... 6

Montgomery v. Kennedy, 669 S.W.2d 309 (Tex.1984) ....................................11

Brown v. McLennon County Children's Clinic, 627 S.W.2d 390
(Tex.1982) ................................................................................................ 7

In re Estate of Hutchins, 829 S.W. 2d 295 (Tex. App. – Corpus Christi,
1992), writ den. .....................................................................................4, 6

DSC Fin. Corp. v. Moffit, 815 S.W.2d 551 (Tex.1991). ......................................7

Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183, 185 (Tex. 1977) ....................12

Humane Soc'y v. Austin Nat'l Bank, 531 S.W.2d 574, 577 (Tex.1975). ..................11

Oilwell Division, United States Steel Corporation v. Fryer, 493 SW
2d 487 (Tex.1973) ......................................................................................12

Wilson v. Jones, 45 S.W.2d 572 (Tex.Com.App.1932, holding approved) ...............12

Lehmann v. Krahl, 155 Tex. 270, 285 S.W.2d 179 (1905) ...................................8

Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861 (1895) ........................................8

Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382 (1892). .............................7

Kennedy v. Upshaw, 66 Tex. 442, 1 S.W. 308 (1886) ....................................... 8

Fowler v. Stagner, 55 Tex. 393 (1881) .........................................................9

Pierce v. State, 113 S.W.3d 431. 439 (Tex.App.—Texarkana 2003),
writ ref'd. ................................................................................................8

Ludlow v. DeBerry, 959 S.W.2d 265 (Tex.App.-Houston [14th Dist.] 1997, no writ). ..........................................................11

Hawthorne v. Guenther, 917 S.W.2d 924 (Tex.App.-Beaumont 1996, writ denied). ....................................................................10

Enserch Exploration, Inc. v. Gardner, 836 S.W.2d 739 (Tex.App. Eastland 1992), no writ. .......................................................... 8

Geeslin v. McElhenney, 788 S.W.2d 683 (Tex.App.-Austin 1990, no writ). ..........11

Stone v. Lawyers Title Ins. Corp., 537 S.W.2d 55, 67 (Tex.Civ.App. — Corpus Christi 1976), rev'd on other grounds, 554 S.W.2d 183 (Tex. 1977)................... 12

Moore & Moore Drilling Company v. White, 345 S.W.2d 550 (Tex.Civ.App.--Dallas 1961, writ ref'd n.r.e.) ................................................. 12

Phillips Petroleum Co. v. Daniel Motor Co., 149 S.W.2d 979 ....................... 12

(Tex.Civ.App.--Eastland 1941, writ dism'd judgm't cor.). ...............................12

In re Estate of Rosborough, 542 S.W.2d 685 (Tex.App.— Texarkana 1976), writ ref'd n.r.e. ................................................. 7

Hunt v. Knolle, 551 S.W.2d 764 (Tex. Civ. App. – Tyler, 1977) No writ. ....................................................................8

Moore & Moore Drilling Company v. White, 345 S.W.2d 550 (Tex.Civ.App.--Dallas 1961, writ ref'd n.r.e.) ....................................12

Specia v. Specia, 292 S.W.2d 818 (Tex.Civ.App.--San Antonio 1956, writ ref'd n.r.e.). ........................................................ 6,7

Scandurro v. Beto, 234 S.W.2d 695 (Tex.Civ.App.--Waco 1950, no writ) .......... 8
Phillips Petroleum Co. v. Daniel Motor Co., 149 S.W.2d 979 (Tex.Civ.App.--Eastland 1941, writ dism'd judgm't cor.) ........................... 12

# TABLE OF CONTENTS

Index of Authorities ............................................................... iii

Table of Contents ................................................................. 1

Certificate of Service ............................................................. 2

List of Parties and Counsel ..................................................... 2

Statement of Jurisdiction ........................................................ 2

Statement of Facts and Procedural Background ............................ 2

Standare of Review .............................................................. 4

ISSUES PRESENTED ........................................................... 4

Discussion ........................................................................ 5

POINT OF ERROR NO. ONE..................................................... 5

POINT OF ERROR NO. TWO .................................................. 7

POINT OF ERROR NO.THREE.................................................. 6

POINT OF ERROR NO. FOUR.................................................. 9

POINT OF ERROR NO. FIVE .................................................. 9

POINT OF ERROR NO.SIX..................................................... 9

POINT OF ERROR NO.SEVEN ................................................ 10

POINT OF ERROR NO.EIGHT................................................. 10

POINT OF ERROR NO. NINE.................................................. 10

POINT OF ERROR NO. TEN ................................................... 12

Conclusion and Prayer .......................................................... 13

1

Robert Gomez, Appellant, is a Devisee under an unprobated codicil of the Decedent.

Reed Greene, MPA, JD
26254 IH 10 West, Suite 135
Boerne, Texas 78006
Tel: (210) 826-1233
Fax: (210) 463-9241
State Bar No. 08390970
Attorney for Appellant

Jerry H. Kagan
Texas Bar No. 24008963
1600 Culebra Ave.
San Antonio, Texas 78201
Tel. (210) 737-0333
Fax. (210) 738-0088
Attorney for Appellant

Phillip Bernal, Executor of the Estate of Louis. S. Bernal, Deceased, is the Appellee.

Cecil "Tres" Bain III
THE NUNLEY FIRM
1580 S. Main St., Suite 200
Boerne, Texas 78006
Fax. (830) 816-3388
Attorney for Appellee

## Statement of Jurisdiction

Appellants would show that this Honorable Court has jurisdiction under TRAP 25 and 45. Appellant demonstrates that the Trial Court committed reversible error and request that this Court reverse and remand the judgment of the Court below.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On March 19, 2015, Philip Bernal filed his Application to Probate Will and for Letters Testamentary. Clerk's Record (CR), p. 4. In that Application Philip Bernal stated as follows:

5. Decedent left a valid Will dated June 2, 2000, which was never revoked and is filed herewith.

6. The Will was made self-proved as required by law.

7. Upon information and belief, Decedent also left a Codicil to his Will ("Codicil"), dated February 10, 2014, which was never revoked and is filed herewith. The subscribing witnesses to the Codicil are Urlando Molina and Miriam Vasquez, whose current addresses are unknown.

Id. By operation of the codicil, the beneficiaries thereto became parties to the litigation.

The additional beneficiaries and legatees were Nicole Bernal, Christopher Bernal, Aaron

Bernal, Bailey Bernal, Philip Bernal and Robert Gomez, the Appellant. CR, p. 16.

On April 13, 2015, the trial court held a hearing on the Application. CR, p. 29-30. No notice was given to the beneficiaries and legatees under the Codicil. See CR, p. 4-40. At the hearing the trial court found, recited and ordered:

The Court heard the evidence and reviewed the Will and the other documents filed herein and finds that the allegations contained in the Amended Application are true; but that the Codicil filed in this cause is not admitted to probate; that notice and citation have been given in the manner and for the length of time required by law; ... It is ORDERED that the Will, but not the Codicil, is admitted to probate, and the Clerk of this Court is ORDERED to record the Will, with the application, in the minutes of this Court... It is ORDERED that no bond or other security is required and that, upon the taking and filing of the oath required by law, Letters Testamentary shall issue to PHILIP BERNAL, who is appointed as Independent Executor of Decedent's Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law. No Notice to Beneficiaries as required by law....

SIGNED on April 13th, 2015.

__/S/ Kelly M. Cross_____
Judge Presiding

CR, p. 29-30.

3

## STANDARD OF REVIEW

Appellant brings this restricted appeal, seeking reversal and remand due to error. Generally speaking, a restricted appeal directly attacks the judgment within six months after the judgment was signed, by a party to suit, who did not participate in the actual trial, and the error he complains of is apparent from the face of the record. Tex. Civ. Prac. & Rem. Code § 51.013; Tex. R. App. Pro. 26.1; Tex. R. App. Pro. 45; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); In re Estate of Hutchins, 829 S.W. 2d 295, 297 (Tex. App. – Corpus Christi, 1992) writ den.

The court signed the Order on April 13, 2015. CR, p. 29-30. Appellant filed his Notice of Restricted Appeal on July 6, 2015. CR, p. 35-36. This satisfied the first element. By virtue of his beneficiary and legatee status, Appellant and the other individuals named in the Codicil were parties to the probate proceeding. He did not participate in the hearing and did not file any postjudgment motions. CR, p. 33-34. If this Court finds error apparent on the face of the record, the Order Admitting the Will to Probate is void and must be remanded to the trial court for further proceedings.

## ISSUES PRESENTED

POINT OF ERROR NO. ONE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THERE IS NO EVIDENCE OR PROOF THAT THE CODICIL WAS NOT ADMISSIBLE TO PROBATE.

POINT OF ERROR NO. TWO

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THERE IS NO NOTICE IN ANY PLEADING OR ELSEWHERE THAT THE CODICIL WAS NOT ADMISSIBLE TO PROBATE; THUS, THERE IS A MATERIAL VARIANCE BETWEEN THE PLEADINGS AND THE PROOF.

POINT OF ERROR NO. THREE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ADMITTING THE CODICIL TO PROBATE BECAUSE THE CODICIL COULD BE PROVED.

4

POINT OF ERROR NO. FOUR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THE PROOF OF FACTS IS ERRONEOUS.

POINT OF ERROR NO. FIVE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THE PUBLISHED PLEADING AND CITATION DO NOT REQUEST COURT PROBATE WILL AND NOT CODICIL.

POINT OF ERROR NO. SIX

THE EXECUTOR BREACHED HIS FIDUCIARY DUTY TOWARD DEVISEES UNDER THE CODICIL.

POINT OF ERROR NO. SEVEN

THE EXECUTOR COMMITTED FRAUD ON THE COURT AND ON THE CODICIL BENEFICIARIES.

POINT OF ERROR NO. EIGHT

THE EXECUTOR BREACHED DUTY OF ORDINARY CARE TO THE BENEFICIARIES OF THE CODICIL.

POINT OF ERROR NO. NINE

THE TRIAL COURT ERRED BY NOT REQUIRING APPELLEE TO JOIN THE APPELLANT AS A NECESSARY PARTY.

## DISCUSSION

POINT OF ERROR NOS. ONE, TWO AND THREE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THERE IS NO EVIDENCE OR PROOF THAT THE CODICIL WAS NOT ADMISSIBLE TO PROBATE.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THERE IS NO NOTICE IN ANY PLEADING OR ELSEWHERE THAT THE CODICIL WAS NOT ADMISSIBLE TO PROBATE; THUS, THERE IS A MATERIAL VARIANCE BETWEEN THE PLEADINGS AND THE PROOF.

5

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ADMITTING
THE CODICIL TO PROBATE BECAUSE THE CODICIL COULD BE PROVED.

A party may appeal a final judgment to the court of appeals by petition for writ of error by complying with the requirements set forth below:

(a) Filing Petition. The party desiring to sue out a writ of error shall file with the clerk of the court in which the judgment was rendered a written petition signed by him or by his attorney, and addressed to the clerk.

(b) No Participating Party at Trial. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error.

(c) Requisites of Petition. The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it and shall state that the appellant desires to remove the same to the court of appeals for revision and correction.

Tex.Civ.Prac. & Rem. Code Ann. § 51.013 (Vernon 1986); Tex. R. App. P. 45; Hutchins, Id.; Specia v. Specia, 292 S.W.2d 818 (Tex.Civ.App.--San Antonio 1956, writ ref'd n.r.e.).

Appellant challenges the probate of decedent's will by writ of error. He is an "interested person" in the decedent's estate. See Estates Code, §22.018. He is entitled to challenge the probate of the will by writ of error. Hutchins, Id.

In determining a "no evidence" question, an appellate court considers only that evidence and reasonable inferences therefrom that tend to support the findings of the trier of facts, disregarding all contrary evidence and inferences. Best v. Ryan Auto Group, Inc., 786 S.W.2d 670, 671 (Tex.1990); King v. Bauer, 688 S.W.2d 845, 846 (Tex.1985).

6

If more than a scintilla of evidence supports the findings, they must be upheld. <u>Garcia v. Insurance Co. of Pa.</u>, 751 S.W.2d 857, 858 (Tex.1988).

In deciding whether the petitioner for a writ of error has met the requirement that error "be apparent from the face of the record," the court "may consider all of the papers on file in the appeal, including the statement of facts." <u>DSC Fin. Corp. v. Moffit</u>, 815 S.W.2d 551 (Tex.1991).

A direct attack by writ of error on a judgment probating a will must comply with the first, third and fourth requirements set out in <u>Brown</u>, 627 S.W.2d at 392. However, there is no requirement that petitioner be a party to the suit; all that is required is that the petitioner be an "interested party" in the estate. <u>Specia</u>, 292 S.W.2d at 819. Appellant meets all of the requirements necessary to appeal by writ of error.

The Code requires that certain elements be proved to the satisfaction of the court prior to the admission of a will to probate and the issuance of letters testamentary or of administration. It is the duty of the court in a proceeding to probate a will to determine that the will being offered for probate meets the statutory requisites before admitting it to probate. <u>In re Estate of Rosborough</u>, 542 S.W.2d 685, 688 (Tex. App.--Texarkana 1976), writ ref'd n.r.e.

As the Court knows, a testamentary writing that is supplementary to an earlier instrument is called a "codicil". <u>Heidenheimer v. Bauman</u>, 84 Tex. 174, 19 S.W. 382 (1892). It also includes a testamentary instrument that directs how property may not be disposed of. Tex. Estates Code, §22.034. The document marked "Addendum to Original Will", is a "codicil". As used in the Estates Code, the term "will" includes a codicil. Tex. Estates Code Ann. §22.034(1). In its operation and effect, a codicil may add to or

7

modify the provisions of a will. <u>Hunt v. Knolle</u>, 551 S.W.2d 764 (Tex. Civ. App. – Tyler, 1977) no writ. A court may not prohibit a person from executing a codicil to an existing will. Tex. Estates Code Ann. §253.001(b).

A "material variance" between the pleadings and proof is fatal and renders a judgment void. <u>Enserch Exploration, Inc. v. Gardner</u>, 836 S.W.2d 739 741 (Tex. App. —Eastland 1992), The variance is material if it operated to the Respondent's surprise or prejudiced his rights. <u>Pierce v. State</u>, 113 S.W.3d 431. 439 (Tex. App.—Texarkana 2003). Appellant was prejudiced by the failure to admit the codicil as he did not receive his bequest under it, so the judgment is void.

The witnesses to the Codicil, Urlando Molina and Miriam Vasquez, the notary, Angelina Reyes, and the attorney, if any, who prepared it, are and were competent witnesses. Appellant stipulates that the codicil was not self-proving but would show it was susceptible of proof. The Estates Code requires every last will and testament, if not wholly in the handwriting of the testator, to be attested by two or more "credible witnesses." TEX. ESTATES CODE § 254.001. It is long settled that "credible witness" is synonymous with "competent witness." <u>Lehmann v. Krahl</u>, 155 Tex. 270, 285 S.W.2d 179, 180 (1955); Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861 (1895); <u>Kennedy v. Upshaw</u>, 66 Tex. 442, 1 S.W. 308 (1886). A competent witness to a will is one who receives no pecuniary benefit under its terms. <u>Scandurro v. Beto</u>, 234 S.W.2d 695, 698 (Tex. Civ. App.--Waco 1950, no writ). See also <u>Lehmann</u>, 285 S.W.2d at 180 (husband credible witness to will under which wife was legatee); <u>Gamble</u>, 30 S.W. at 862 (wife credible witness to will under which husband was legatee). Conversely, a person interested as taking under a will is incompetent to testify to establish it. See TEX.ESTATES CODE § 254.002; <u>Fowler v. Stagner</u>, 55 Tex. 393, 397 (1881); <u>Nixon</u>,

8

38 Tex. at 298.    The Trial Court erred by not allowing the attorney or one of the witnesses to prove the Codicil.


POINT OF ERROR NOS. FOUR, FIVE AND SIX

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ADMITTING THE CODICIL TO PROBATE BECAUSE THE PROOF OF FACTS IS ERRONEOUS.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THE PROOF OF DEATH AND OTHER FACTS IS ERRONEOUS BECAUSE IT DOES NOT MENTION ANY DEFECT IN THE CODICIL WHICH WOULD PREVENT ITS ADMISSION TO PROBATE.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BECAUSE THE PLEADINGS AND CITATION DO NOT REQUEST COURT PROBATE WILL AND NOT THE CODICIL.

The "Proof of Death and other Facts", unlike the Application, which was published, states as follows: "Upon information and belief, Decedent also left a Codicil to his will ("Codicil"), dated February 10, 2014, which was never revoked, as far as I know." CR, Pp. 17-18. It gives no indication there is a problem with the Codicil. Id.

The Executor's Application to Probate will states:

> Upon information and belief, Decedent also left a Codicil to his will ("Codicil"), dated February 10, 2014, which was never revoked and is filed herewith. The subscribing witnesses to the Codicil are Urlando Molina and Miriam Vasquez, whose current addresses are unknown.

CR., p. 5. The notary to the Codicil is Angelina Reyes, who is also a witness. Id.

The Executor amended his Application, and it is silent as to the Codicil. CR., p. 19-20. The Citation, published on March 19, 2015, states:

> TO ALL PERSONS interested in the Estate of LOUIS S. BERNAL, DECEASED, AKA LOUIS S. BERNAL, JR., number 2015 PC0983, PHILIP BERNAL has filed in the Probate Court No. 1 of Bexar County, Texas, an application for the probate of the last will and testament and

9

codicil(s) of LOUIS S. BERNAL, DECEASED, AKA LOUIS S. BERNAL, JR…

CR., p 7. The Amended Application was not published as of the date of the hearing and citation was never issued on the Amended Application. The Amended Application did not put Appellant on notice of any defect in the Codicil. Nothing in the Application or the Amended Application gives any notice that the Codicil is deficient; therefore, the Court erred in not admitting the Codicil to probate.

POINT OF ERROR NOS. SEVEN, EIGHT AND NINE

THE EXECUTOR BREACHED HIS FIDUCIARY DUTY TOWARD DEVISEES UNDER THE CODICIL.

THE EXECUTOR COMMITTED FRAUD ON THE COURT AND ON THE CODICIL BENEFICIARIES.

THE EXECUTOR BREACHED DUTY OF ORDINARY CARE TO THE BENEFICIARIES OF THE CODICIL.

Generally, for a party to establish a claim for breach of a fiduciary duty, there must exist a fiduciary relationship between the plaintiff and defendant, the defendant must have breached its fiduciary duty to the plaintiff, and the defendant's breach must result in injury to the plaintiff, or benefit to the defendant. See Burrow v. Arce, 997 S.W.2d 229, 238-39 (Tex.1999); Hawthorne v. Guenther, 917 S.W.2d 924, 934-35 (Tex. App.-Beaumont 1996, writ denied).

The relationship between an executor and the estate's beneficiaries is one that gives rise to a fiduciary duty as a matter of law. Huie v. DeShazo, 922 S.W.2d 920, 923 (Tex.1996). An executor's fiduciary duty to the estate's beneficiaries arises from the

10

executor's status as trustee of the property of the estate. Humane Soc'y v. Austin Nat'l Bank, 531 S.W.2d 574, 577 (Tex.1975). Under the Estates Code, a decedent's estate immediately vests in the devisees, legatees, and heirs at law of the estate, subject to payment of the decedent's debts. TEX. ESTATES CODE § 101.001, 101.003, 101.051. The executor thus holds the estate in trust for the benefit of those who have acquired a vested right to the decedent's property under the will. See id.

The fiduciary duties owed to the beneficiaries of an estate by an independent executor include a duty of full disclosure of all material facts known to the executor that might affect the beneficiaries' rights. Montgomery v. Kennedy, 669 S.W.2d 309, 313 (Tex.1984) (trustees of trust and executors of estate had fiduciary duty of full disclosure to beneficiary); see Huie, 922 S.W.2d at 923. A fiduciary also "owes its principal a high duty of good faith, fair dealing, honest performance, and strict accountability." Ludlow v. DeBerry, 959 S.W.2d 265, 279 (Tex. App.-Houston [14th Dist.] 1997, no writ). When an independent executor takes the oath and qualifies in that capacity, he or she assumes all duties of a fiduciary as a matter of law. Humane Soc'y, 531 S.W.2d at 577; Geeslin v. McElhenney, 788 S.W.2d 683, 686-87 (Tex. App.-Austin 1990, no writ).

A fiduciary relationship existed between the independent executor and Appellant as a beneficiary under the Codicil, which included various duties, including the duty to refrain from commingling of funds and the duty to disclose all material facts. However, it is axiomatic that Wilson

As stated above, the Executor's duties  full disclosure of all material facts known to the executor that might affect the beneficiaries' rights.  There is nothing in the record to

11

show such disclosure. The elements of actionable fraud are: (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury. Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183, 185 (Tex. 1977); Oilwell Division, United States Steel Corporation v. Fryer, 493 S.W.2d 487 (Tex.1973); Wilson v. Jones, 45 S.W.2d 572 (Tex.Com.App.1932, holding approved).When the alleged fraud arises because of a failure to disclose facts, a duty, because of either a confidential or fiduciary relationship, to disclose those facts must exist in order to make such failure actionable as fraud. Stone v. Lawyers Title Ins. Corp., 537 S.W.2d 55, 67 (Tex. Civ. App. — Corpus Christi 1976), rev'd on other grounds, 554 S.W.2d 183, 185 (Tex. 1977); Moore & Moore Drilling Company v. White, 345 S.W.2d 550 (Tex. Civ. App.--Dallas 1961, writ ref'd n.r.e.); Phillips Petroleum Co. v. Daniel Motor Co., 149 S.W.2d 979 (Tex. Civ. App.--Eastland 1941, writ dism'd judgm't cor.).   The Executor concealed material facts from Appellant Gomez as beneficiary under the Codicil and committed fraud. Negligence is the breach of the duty of ordinary care which causes a Plaintiff damages. Eckhardt v. Qualitest et al., 751 F3d 674 (5th Cir.).  There is nothing in the record to demonstrate the ordinary care, if any, the Executor exercised in this case toward the beneficiaries under the Codicil.  The Executor is liable for breach of fiduciary duty, fraud, and negligence toward the beneficiaries under the Codicil, and the Order Admitting Will to Probate should be reversed and remanded for further proceedings.

12

POINT OF ERROR NO. TEN

THE TRIAL COURT ERRED BY NOT REQUIRING APPELLEE TO
JOIN THE APPELLANT AND OTHER BENEFICIARIES UNDER THE CODICIL AS
NECESSARY PARTIES.

Appellant and the other beneficiaries and legatees under the codicil were denied their rights to due process under the 14th amendment to the U.S. Constitution and Amendment 19 to the Texas Constitution. A party to a suit should join all claims that are compulsory. Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 207 (Tex. 1999). A claim is compulsory if it meets the following criteria;

(1)     The claim must be within the court's subject-matter jurisdiction. Id. Appellant's claim is for money in the estate of the Decedent

(2)     The claim must not be pending as a suit in another court. Id. Appellant has not sought to collect the money due under the codicil in another court.

(3)     The claim must be matured and owned by the pleader when he files his appearance. Id. The testamentary gift from Decedent to Appellant matured at Mr. Bernal's death and is owned by the Appellant.

(4)     The claim must arise from the same transaction or occurrence. Id. The claim arises from the only codicil to the will of Decedent.

(5)     The claim must be against the opposing party in the same capacity in which that party filed his claim. Id. Appellant was a friend and caregiver to the Decedent.

(6)     All parties must be available. Id. Based on information and belief, Appellant believes that the additional devisees under the codicil are grandchildren or other relatives of the Decedent. The claim of Appellant and the other beneficiaries under the Codicil meet all the requirements of the Ingersoll case. The trial court, therefore, committed reversible error by not requiring that the additional parties be joined in the litigation. If the other devisees are minors, the Trial Court should appoint an attorney ad litem for them.

13

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant requests that the Court reverse the judgment admitting the Will but not the Codicil to Probate, and for such other and further relief to which Appellant may show himself justly entitled.

Respectfully submitted,

Reed Greene, MPA, JD
26254 IH 10 West, Suite 135
Boerne, Texas 78006
Tel: (210) 826-1233
Fax: (210) 463-9241

By: /S/_____
    Reed Greene
    State Bar No. 08390970
    Attorney for Appellant

Jerry H. Kagan
Texas Bar No. 24008963
1600 Culebra Ave.
San Antonio, Texas 78201
Attorney for Appellant

14